UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGIA GAIL LEE,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security, [1]<br><br>      Defendant. | Case No. 3:12-cv-05835-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 30, 2013 |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). After reviewing the parties' briefs and the remaining record, the undersigned submits the following Report and Recommendation for the Court's review, recommending that for the reasons set forth below, defendant's decision to deny benefits be reversed and this matter be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On November 19, 2008, plaintiff filed an application for SSI benefits, alleging disability as of March 11, 2008, due to hepatitis C and degenerative disc disease in her cervical and lumbar

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration. Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the Defendant in this suit. **The Clerk of Court is directed to update the docket accordingly.**

REPORT AND RECOMMENDATION - 1

spine. See Administrative Record ("AR") 34, 194.  That application was denied upon initial administrative review on March 16, 2009, and on reconsideration on June 19, 2009. See AR 34.  A hearing was held before an administrative law judge ("ALJ") on February 24, 2010, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 50-111.

In a decision dated March 26, 2010, the ALJ determined plaintiff to be not disabled. See AR 34-44.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 31, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; see also 20 C.F.R. § 416.1481.  On September 18, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on November 19, 2012. See ECF #12.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred:

(1) in giving insufficient reasons for rejecting the opinions of Carla van Dam, Ph.D., and Lorraine Barton-Haas, M.D.;

(2) in failing to properly evaluate the impact of plaintiff's hand limitations;

(3) in failing to properly consider the opinions of D. E. Frederick, M.D., and Mike Meyers, PAC;

(4) in giving insufficient reasons for discounting plaintiff's credibility;

(5) in assessing plaintiff with an incomplete residual functional capacity; and

(6) in posing an incomplete hypothetical question to the vocational expert.

REPORT AND RECOMMENDATION - 2

Plaintiff further argues additional evidence consisting of an opinion from Mr. Meyers and Garrett W. Duckworth, Jr., M.D., that was submitted to the Appeals Council also supports reversal and remand for an award of benefits. For the reasons set forth below, the undersigned agrees the ALJ erred in failing to properly consider the opinions of Dr. Frederick and Mr. Meyers, and therefore also erred with regard to issues (5) and (6). Also for the reasons set forth below, however, the undersigned finds reversal and remand for further consideration of those opinions and issues – as well as the opinion from Dr. Duckworth and Mr. Meyers – rather than an outright award of benefits is warranted.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported

REPORT AND RECOMMENDATION - 3

by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

I.   The Opinions of Dr. Frederick and Mr. Meyers

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

"by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id.  The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record."

REPORT AND RECOMMENDATION - 5

Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The record contains a state agency physical evaluation form completed by Mr. Meyers in late August 2007, and another such form completed by him in early July 2008, in which he found plaintiff was limited to sedentary work. See 314-17, 406-09. Both forms were also signed by Dr. Frederick. See AR 317, 409. Although both evaluation forms were part of the record at the time the ALJ issued his decision, no mention of those forms or the opinions contained therein were made – and as such they apparently were not considered – by the ALJ. Plaintiff asserts such failure to consider this evidence constitutes reversible error. The undersigned agrees.

First, the evaluation forms completed by Mr. Meyers and signed by both Mr. Meyers and Dr. Frederick constitute significant probative evidence the ALJ was required to consider, as the findings and opinions contained therein bear directly on the issue of plaintiff's ability to function physically. Defendant concedes the ALJ erred in failing to provide any reason for rejecting those findings and opinions, but argues such error is harmless[3] given that Mr. Meyers is not an "acceptable medical source," and thus his opinions need not be given the level of deference accorded such sources. See Gomez v. Chater, 74 F.3d 967, 970-71 (9th Cir. 1996); see also 20 C.F.R. § 416.913(a), (d) (licensed physicians and licensed or certified psychologists are "acceptable medical sources").

Defendant's argument fails for two reasons. First, as noted above the evaluation forms were co-signed by Dr. Frederick, who is an acceptable medical source. Accordingly, while Dr. Frederick may not have been the one to actually fill out the form, Dr. Frederick's signature on that form clearly indicates an acceptance of the findings and opinions contained therein. Thus, the most reasonable interpretation of the evidence is to assume Dr. Frederick also adopted them,

---

[3] See Stout v. Commissioner, Social Security Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless where it is non-prejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion); see also Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007) (finding any error on part of ALJ would not have affected "ALJ's ultimate decision.").

REPORT AND RECOMMENDATION - 6

thereby making those findings and opinions those of both an acceptable and a non-acceptable medical source. Even if such an interpretation is not reasonable, furthermore, the fact that Mr. Meyers is not an acceptable medical source is not alone a valid reason to completely ignore his findings and opinions.

A physician's assistant is an "other medical source," who is "not technically deemed to be" an "acceptable medical source," but whose opinion nevertheless is considered "important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the" record. Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939 *3. In addition, although"[t]he fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because . . . 'acceptable medical sources' 'are the most qualified health care professionals,' . . . depending on the particular facts in a case, . . . an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." Id. at *5. Here, it may be that the findings and opinions of Mr. Meyers are entitled to less weight than those of other "acceptable" medical sources in the record. But because the ALJ did not address those findings and opinions, the Court has nothing to go on to determine whether the ALJ properly dealt with that evidence.

Defendant goes on to argue that the medical evidence in the record does not support a limitation to sedentary work. There are objective clinical findings that certainly *could be* indicative of an ability to work at an exertional level greater than sedentary as found by the ALJ. See AR 37-42 (citing record evidence). But they also might not be, especially in light of the opinions of Dr. Frederick and Mr. Meyers, which appear to have been the only such opinions

REPORT AND RECOMMENDATION - 7

concerning plaintiff's physical functional capacity provided by a medical source that were in the record at the time the ALJ issued his decision. In addition, because the ALJ did not conduct the assessment of the objective clinical findings in the record in relation to the opinions of Dr. Frederick and Mr. Meyers that defendant does now, the Court cannot uphold the ALJ's decision on this basis. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (error to affirm decision based on evidence not discussed by ALJ); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." Id. It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id. However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id. Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In

REPORT AND RECOMMENDATION - 8

assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

> **. . . to perform light work . . . except that she [sic] precluded from climbing ladders, ropes, or scaffolds, and she should only occasionally climb stairs and ramps.  Otherwise, [she] can occasionally balance, stoop, kneel, crouch, and crawl, and she can occasionally handle, finger, feel with the right arm/hand.  And, she is limited to occasional exposure to vibrations.  [She] retains the capacity to understand, remember, and carry out short, simple instructions, perform routine, repetitive, predictable tasks, but she should have only occasional contact with coworkers and the general public.**

AR 37-38 (emphasis in original).  Plaintiff argues the above RFC assessment is incomplete and not supported by substantial evidence.  The undersigned agrees that in light of the ALJ's failure to properly consider the findings and opinions of Dr. Frederick and Mr. Myers, it cannot be said at this time that that assessment is completely accurate or supported by the substantial evidence in the record.

III.     The Hypothetical Question the ALJ Posed to the Vocational Expert

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).  The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987);

REPORT AND RECOMMENDATION - 9

Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." Id. (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. See AR 93. In response to that question, the vocational expert testified that an individual with those limitations – and with the same age, education and work experience as plaintiff – would be able to perform other jobs. See AR 93-94. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. See AR 43.

As she did with respect to the ALJ's RFC assessment, plaintiff argues the hypothetical question that was posed to the vocational expert was incomplete and not supported by substantial evidence. For the same reasons discussed above, the undersigned again agrees that in light of the ALJ's failure to properly consider the findings and opinions of Dr. Frederick and Mr. Meyers, and thus to also properly assess plaintiff's residual functional capacity, it cannot be said at this time that that the hypothetical question – which was based on the ALJ's RFC assessment – is completely accurate or supported by the substantial evidence in the record. Accordingly, the ALJ's finding of non-disability at step five also cannot be upheld.

IV.     The Opinion of Dr. Duckworth and Mr. Meyers

As indicated above, an additional state agency physical evaluation form completed by

REPORT AND RECOMMENDATION - 10

Mr. Meyers in mid-April 2010, in which plaintiff once more was found to be limited to sedentary work, was submitted for the first time to the Appeals Council. See AR 590-93. As with the prior two forms Mr. Meyers completed, this latest form was co-signed by Dr. Duckworth, a medical doctor. See AR 593. Defendant does not dispute that this evidence can be considered by the Court in determining whether the ALJ's decision is supported by substantial evidence, but asserts such evidence does not provide a proper basis for remand because it cumulative of the findings and opinions contained in those other forms. See Brewes v. Commissioner of Social Security Admin., 682 F.3d 1157, 1162 (9th Cir. 2012) (administrative record includes evidence submitted to and considered by Appeals Council).

The Court, though, need not determine whether that additional evidence provides a basis for remand in this matter, as the undersigned already has determined that remand is warranted based on the ALJ's failure to properly consider the other two opinions from Dr. Frederick and Mr. Meyers. Nevertheless, that additional evidence should be considered by the Commissioner on remand in assessing the extent of plaintiff's physical limitations and her residual functional capacity and overall ability to work.

V.  This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

REPORT AND RECOMMENDATION - 11

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record concerning plaintiff's physical limitations, and therefore in regard to her residual functional capacity and ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues is warranted.

Plaintiff argues that crediting the opinions concerning sedentary work as true supports a determination of disability at step five when considered along with the hand limitations the ALJ assessed, in light of the vocational expert's further testimony. See AR 94. It is true that where the ALJ has failed "to provide adequate reasons for rejecting the opinion of a treating or examining physician," that opinion generally is credited "as a matter of law." Lester, 81 F.3d at 834 (citation omitted). However, where the ALJ is not required to find the claimant disabled on crediting of evidence, this constitutes an outstanding issue that must be resolved, and thus the Smolen test will not be found to have been met. Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th Cir. 2003). Here, as discussed above, there is other objective medical evidence in the record that may, as the ALJ found, support a limitation to light, as opposed to sedentary, work. As such, it is far from clear that the ALJ would be required to adopt those sedentary work opinions. Thus,

REPORT AND RECOMMENDATION - 12

this constitutes an outstanding issue that must be resolved by the Commissioner, and therefore the undersigned declines to apply the credit as true rule in this instance.

CONCLUSION

For the reasons set forth above, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Also for the reasons set forth above, the undersigned recommends as well that the Court reverse the ALJ's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **August 30, 2013**, as noted in the caption.

DATED this 12th day of August, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13